UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Melvin JOHNSON, and Armando TORRES;
individually and on behalf of all similarly
situated individuals,

                Plaintiffs,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, GOVERNOR ANDREW
CUOMO, in his official capacity, ACTING
COMMISSIONER ANTHONY ANNUCCI,
in his official capacity, and THE STATE OF
NEW YORK,
                Defendants.

CIVIL CASE NO. 6:18-cv-06568

**SETTLEMENT AGREEMENT**

      This SETTLEMENT AGREEMENT ("Agreement") is made by and between Plaintiffs Melvin Johnson and Armando Torres ("Plaintiffs"), individually and on behalf of themselves and a class of persons similarly situated (hereinafter referred to as the "Class" and defined below) and Defendants New York State Department of Corrections and Community Supervision, Governor Andrew Cuomo, in his official capacity, Acting Commissioner Anthony Annucci, in his official capacity, and the State of New York ("Defendants") (collectively, "Parties").

**RECITALS**

    A.    In August 2018, Plaintiffs filed a complaint in this Court (Case No. 6:18-cv-06568) against Defendants, alleging that by failing to provide individuals incarcerated in Regional Medial Units ("RMU") equal access to programs, services, and activities while incarcerated, Defendants were discriminating against individuals with disabilities in violation of Title II of the Americans

1

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794 ("Action").

  B.  The Court granted Plaintiffs' motion for class certification on May 19, 2020.

  C.  The class is defined as follows:

All incarcerated individuals with disabilities who were housed in the RMU at any Facility between February 8, 2018 and August 8, 2018, the date of the filing of the Named Plaintiffs' Complaint.

  D.  Following settlement discussions and Court ordered mediation, on November 8, 2022, the Parties reached an agreement to fully and finally resolve this action by settlement without the need for further litigation, expense, or Court intervention, which they now memorialize in this Agreement.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Agreement, Plaintiffs and Defendants hereby agree as follows:

**1. Definitions**

The following terms as used in this Agreement shall be defined as follows:

  a. "Class" includes all incarcerated individuals with disabilities who were housed in the RMU at any Facility between February 8, 2018 and August 8, 2018, the date of the filing of the Plaintiffs' Complaint.

  b. "Effective Date" means the date by which all of the following have occurred:

    i. The Parties have executed the Agreement

    ii. The Parties have satisfied all of the Conditions Precedent described in Section 4 below.

c. "Fairness Hearing" means a hearing held by the Court before Final Approval and after Notice and any responses to any objections have been filed with the Court.

d. "Final Approval" means the approval of this Agreement by the Court under Federal Rule of Civil Procedure 23(e) after Notice to the Class and a Fairness Hearing.

e. "Final Judgment" means the Judgement to be entered by the Court following Final Approval, consistent with Federal Rule of Civil Procedure 58. A copy of the proposed Final Judgment is attached as **Exhibit A**.

f. "Notice" means notice of this Agreement as provided in Section 4 herein and described in the Proposed Order Granting Motion for Preliminary Approval of Class Settlement; Directing Issuance of Settlement Notice; and Scheduling Hearing on Final Approval, as attached as **Exhibit B**, including the Notices to the Class regarding the terms of this Settlement Agreement, attached as **Exhibits C and D**, or notice that is materially identical thereto.

g. "Preliminary Approval" means the initial approval by the Court of the terms of this Agreement, which shall occur prior to any Notice being provided to the Class in accordance with Section 4 herein. A draft Proposed Order Granting Motion for Preliminary Approval of Class Settlement; and Scheduling Hearing on Final Approval is attached at **Exhibit B**.

h. "Program" is defined as any program unit provided by DOCCS, including, but not limited to, correctional industries, education (academic), education (vocational), guidance and counseling, library services, ministerial, family

3

and volunteer services, office of cultural and language access services, resource management, special subjects, substance abuse treatment services, temporary release, and transitional services program.

i. "Special Events" refers to facility programs designed to celebrate cultural, religious and ethnic affiliations, recognize individual and group achievements, and strengthen community and family ties. Special events include, but are not limited to, Fathers' Day events, meetings of inmate organizations, and holiday celebrations.

j. "Universal weight machine" refers to a piece of exercise equipment comprised of several stacks of weight plates on each side of a metal frame. Each plate allows a steel rod to run through the stack to keep the plates in place during use. A cable is attached to the top of the stack and runs through pulleys.

2. **No Admission of Liability**

This Agreement and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability.

3. **Release**

On the Effective Date, Plaintiffs and the Class Members and each of their executors, successors, heirs, assigns, administrators, agents, and representatives (the "Releasing Parties"), in consideration of the relief set forth herein, fully and finally release Defendants and its present and former parents, subsidiaries, affiliates, and insurers, and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates,

successors, and assigns from any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action for injunctive or declaratory relief arising through the Effective Date of this Agreement relating to the subject matter of the lawsuit. The Release also includes all claims, rights, demands, charges, complaints, actions, suits, causes of action, or liabilities of any kind for injunctive or declaratory relief based on conduct that occurs after Effective Date of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct that are being addressed under the terms of this Agreement. This release does not apply to the terms of this Agreement.

4. **Conditions Precedent**

This Agreement shall be conditioned upon and shall be effective only upon the occurrence of all of the following events:

   a. Defendants have received a W-9 form for Class Counsel.
   b. Class Counsel has moved for, and the Court has entered, an order granting Preliminary Approval for this Agreement.
   c. Upon Preliminary Approval of this Agreement and approval of the Notice and the procedures for providing Notice, Notice has been provided to the Class in accordance with such procedures.
   d. A fairness hearing has been held in accordance with Federal Rule of Civil Procedure 23(e)(2).
   e. The Court has granted Final Approval of this Agreement, dismissed the claims of the lawsuit in accordance with the terms set forth herein after a Fairness Hearing has been conducted (subject to the Court's retaining

jurisdiction pursuant to Section 8 herein), entered Final Judgment and all such orders and approvals have becomes final and non-appealable.

5. **<u>Relief for the Class</u>**

The Defendants hereby agree as follows:

    a. Defendants agree to continue the provision of the evaluations, access, and reasonable accommodations under the "RMU Individualized Assessment for Programs, Services, and Activities" indefinitely.

    b. Defendants will modify the "RMU Individualized Assessment for Programs, Services, and Activities" (Wende FOM NO. 3203, Coxsackie FOM NO. 13.25, Fishkill FOM NO. 6.008, Mohawk FOM NO. 4.08W, Bedford Hills FOM NO. 412 – collectively Exhibit E) for each RMU facility as follows:

        i. Wende Correctional Facility FOM NO. 3203

- On page 2 of 8, section IV, replace "If the medical provider clears an RMU inmate for off unit programs/services" with "Unless the medical provider prohibits or limits participation."

- On page 3 of 8, section IV.E., add "these factors will not result in an automatic denial of the inmate's eligibility to participate in programs, services or activities."

- On page 7 of 8, Attachment A, remove "If NO," from before "Reason:" regarding the decision whether the inmate can or cannot program.

- On page 7 of 8, Attachment A, insert "Reason:" after "Inmate can attend programs (Circle one) IN or OUTSIDE the RMU building."

ii. Coxsackie Correctional Facility FOM NO. 13.25

- On page 2 of 6, section IV, replace "If the medical provider clears an RMU inmate for off unit programs/services" with "Unless the medical provider prohibits or limits participation."

- On page 3 of 6, section IV.E., add "these factors will not result in an automatic denial of the inmate's eligibility to participate in programs, services or activities."

- On the "Individual Program Review of a RMU Inmate", remove "If NO," from before "Reason:" regarding the decision whether the inmate can or cannot program.

- On the "Individual Program Review of a RMU Inmate", insert "Reason:" after "Inmate can attend programs (Circle one) IN or OUTSIDE the RMU building."

iii. Fishkill Correctional Facility FOM NO. 6.008

- On page 2 of 8, section IV, replace "If the medical provider clears an RMU inmate for off unit programs/services" with "Unless the medical provider prohibits or limits participation."

- On page 3 of 8, section IV.E., add "these factors will not

7

        result in an automatic denial of the inmate's eligibility to participate in programs, services or activities."

- On page 6 of 8, remove "If NO," from before "Reason:" regarding the decision whether the inmate can or cannot program.

- On page 6 of 8, insert "Reason:" after "Inmate can attend programs (Circle one) IN or OUTSIDE the RMU building."

  iv.  Mohawk Correctional Facility FOM NO. 4.08W

- On page 2 of 9, section IV, replace "If the medical provider clears an RMU inmate for off unit programs/services" with "Unless the medical provider prohibits or limits participation."

- On page 4 of 9, section IV.E., add "these factors will not result in an automatic denial of the inmate's eligibility to participate in programs, services or activities."

- On page 8 of 9, remove "If NO," from before "Reason:" regarding the decision whether the inmate can or cannot program.

- On page 8 of 9, insert "Reason:" after "Inmate can attend programs (Circle one) IN or OUTSIDE the RMU building."

  v.  Bedford Hills Correctional Facility FOM NO. 412

- On page 2 of 7, section IV, replace "If the medical provider clears an RMU inmate for off unit programs/services" with

        "Unless the medical provider prohibits or limits participation."

- On page 3 of 7, section IV.E., add "these factors will not result in an automatic denial of the inmate's eligibility to participate in programs, services or activities."

- On the "Individual Program Review of a RMU Inmate," remove "If NO," from before "Reason:" regarding the decision whether the inmate can or cannot program.

- On the "Individual Program Review of a RMU Inmate," insert "Reason:" after "Inmate can attend programs (Circle one) IN or OUTSIDE the RMU building."

c. Defendants will provide a universal weight machine at the Coxsackie, Mohawk, and Wende RMUs within one hundred twenty (120) days of the Effective Date of this Agreement.

d. Within one hundred twenty (120) days of the Effective Date of the Agreement, Defendants agree to pay to Class counsel, Disability Rights New York ("DRNY"), the sum of fifty-five thousand dollars ($55,000) ("Payment"), for which I.R.S. Forms 1099 shall be issued to DRNY, in full and complete satisfaction of any and all claims, allegations, or causes of action against the Defendants for attorney's fees, costs, disbursements, and expenses that Plaintiffs and the Class may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiffs and the Class in connection with the Complaint or this Action.

The Payment shall be made by check payable to the order of Disability Rights New York and delivered to DRNY at 279 Troy Road, Ste. 9, #236, Rensselaer, NY 12144.

6. **<u>Preliminary Approval, Notice to the Class, and Objections</u>**

    a. Promptly after the execution of this agreement by the Parties, Plaintiffs shall (1) file the Agreement, including the attached Exhibits, with the Court; (2) file a Motion for Preliminary Approval of the Agreement with the Court; and (3) notify the Court of the filings and request entry by the Court, on the earliest date acceptable to the Court, of the Preliminary Approval and Proposed Scheduling order attached at **Exhibit B**.

    b. No later than ten (10) days after the Court enters the Preliminary Approval and Scheduling order, the Parties will provide Notice to the Class, utilizing the Notices attached as **Exhibits C and D**, and in accordance with the plan described in the Proposed Order Granting Motion for Preliminary Approval of Class Settlement; Directing Issuance of Settlement Notice; and Scheduling Hearing on Final Approval attached as **Exhibit C**.

    c. At least thirty (30) days before the Fairness Hearing, the parties will provide respective declarations to the Courts attesting that it disseminated notice consistent with this Agreement.

    d. The Parties request the Court to order the following procedures for objections:

        i. Any Class Member may object to the proposed Agreement by filing, within forty-five (45) days of the deadlines set by the Court for the

> Parties to provide Notice to the Class in accordance with Section 4 herein, written objections with the Clerk of Court. Only such objecting Class Members shall have the right, and only if they expressly seek it in their objection, to present objection orally at the Fairness Hearing. Responses by Defendants and Class Counsel to any timely-filed objections shall be made no less than fourteen (14) days before the Fairness Hearing.

7. **<u>Disputes</u>**

The parties agree to resolve any disputes related to or arising from this Agreement in the following manner:

> a) Defendant will provide one or more point(s) of contact for Class Counsel regarding compliance issues of this Agreement.
>
> b) Class Counsel shall make a notification of a dispute or non-compliance in writing, which can include an email, to the Defendants' Contact.
>
> c) The Defendants' Contact shall take all reasonable steps to bring the Defendants into compliance, and shall keep Class Counsel duly apprised of such efforts.
>
> d) After notifying the Defendants' Contact of a dispute or non-compliance to this Agreement, Class Counsel shall not take further legal action for at least five (5) business days. If, upon the expiration of that period, Class Counsel determines the that the Defendants' Contact has been unable to remediate the issue, or will not timely remedy the issue complained of, Class Counsel may notify the Court in this Action of such issue and seek a judicial remedy.

      e) In the event a dispute is brought before the Court pursuant to this paragraph, nothing in this agreement shall preclude any party from seeking reasonable attorney's fees and costs concerning such dispute to the extent available.

## 8. Jurisdiction

Disputes shall be resolved in a manner consistent with Paragraph 7 of this Agreement. The parties shall meet and confer in good faith to resolve any dispute arising under this Agreement prior to submitting any dispute to the Court for resolution. The parties agree that this action shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2), but the Court shall retain jurisdiction for a term of six (6) years after the Agreement's Effective Date to enforce this Agreement and to resolve any disputes arising thereunder during the term of the Agreement.

## 9. New York Public Officers' Law § 17

Payment of the settlement amount set forth in paragraph __ above is subject to the approval, audit, and warrant of all appropriate New York State officials, including the Comptroller, and in accordance with the provisions of New York Public Officers' Law §17.

Payment of the amount recited in paragraph 5(d) herein above should be made within one hundred twenty (120) days after the execution of this Agreement by the Court and receipt of a copy of same by Defendants' counsel.

## 10. Accrual of Interest

In the event that the Payment referenced in Paragraph 5(d) of this Agreement has not been made in full by the one hundred twentieth (120th) after the Effective Date of this Agreement, interest on any part of the Payment not paid by the sixtieth day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the sixty-first day.

**11. Liability of Plaintiffs and Class Counsel for Taxes**

Plaintiffs' counsel agrees that any taxes on the Payment referenced in Paragraph 5(d) above, and/or interest or penalties imposed by any taxing authority on such payments, shall be their sole and complete responsibility. Plaintiff's counsel shall have no claim, right, or cause of action against the Defendants (including, but not limited to, any and all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties.

**12. Responsibility of Plaintiffs and Plaintiffs' Counsel for Liens and Setoffs**

Plaintiffs and Plaintiffs' counsel agree that the Defendants, nor any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall not be responsible for the satisfaction of any liens or the payment of set-offs of any kind that may attach to the Payment referenced in Paragraph 5 above. Plaintiffs and Plaintiffs' counsel shall have no claim, right, or cause of action against the Defendants, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of any such liens or set-offs.

**13. No Other Counsel**

Plaintiffs represent and warrant that no attorney other than the undersigned counsel have rendered any legal services or incurred any costs, disbursements, or expenses recoverable pursuant to 42 U.S.C. § 1988 in connection with the Complaint or this Action, and that no other attorney has a lien for services rendered to Plaintiffs, or for costs, disbursements, or expenses incurred on her behalf, pursuant to the provisions of Section 475 of the New York Judiciary Law or otherwise in connection with the Complaint or this Action.

## 14. Entire Agreement

Upon the Effective Date of this Agreement, the Parties agree that the Agreement shall serve as the sole binding agreement between the Parties, for resolution of this matter. This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof, and it supersedes, embodies, merges, and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the subject matter of this Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties hereto.

## 15. Miscellaneous Provisions

   a) Governing Law: The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

   b) Protection and Advocacy Organization: Defendants agrees that nothing herein imposes restrictions on Disability Rights New York's access authority pursuant to its role as the Protection and Advocacy organization for the State of New York, as set forth in Federal and State laws and regulation.

   c) Voluntary Agreement: The Parties hereto execute and deliver this Agreement voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, or it understands its terms, contents, and effect. Each of the Parties acknowledges that she, he, or it has been represented by counsel of her, his, or its own choosing before agreeing to

any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

d) Authority: Each signatory to this Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

e) Successors and Assigns: The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

f) Execution: This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

g) Severability: If any provision of this Settlement Agreement shall be held by a court of competent jurisdiction or authoritative state agency to be legally invalid, legally void, or legally unenforceable in whole or in part, such decision, enactment or promulgation shall not invalidate the remaining portion or affect its validity.

h) Headings: The headings contained in this Agreement are for convenience or reference only and are not a material part of this Agreement.

MELVIN JOHNSON

_____       _____
Melvin Johnson                                   Date


ARMANDO TORRES

_____       _____
Armando Torres                                   Date


NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

By: _____


_____       _____
Print Name                                       Date


_____
Title


GOVERNOR ANDREW CUOMO

By: _____


_____       _____
Print Name                                       Date


_____
Title

ACTING COMMISSIONER ANTHONY ANNUCCI

By: _____

_____       _____
Print Name                                                                     Date

_____
Title

THE STATE OF NEW YORK

By: _____

_____       _____
Print Name                                                                     Date

_____
Title